UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM P. JACKSON,** | : | |
| **Plaintiff,** | : | **CIVIL NO. 1:CV-05-1680** |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| **Defendants.** | : | |

**O R D E R**

William P. Jackson, an inmate at the State Correctional Institution in Coal Township ("SCI-Coal"), Pennsylvania, commenced this action with a pro se civil rights complaint filed pursuant to the provisions of 42 U.S.C. §1983. Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs while he was incarcerated at SCI-Coal. Pending before the Court is Plaintiff's correspondence to the Clerk of Court (Doc. 8), in which the Plaintiff states that he "would like to ask the Court for appointed counsel." The Court will construe Plaintiff's letter as a motion for appointment of counsel, and, for the following reasons, the motion will be denied.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the Court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. Tabron, 6 F.3d at 155. If a claimant overcomes this threshold hurdle, the Third Circuit identified a number of factors that a court should consider when assessing a claimant's request for counsel. These include (1) the Plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will

be necessary and the ability of the Plaintiff to pursue investigation, (4) the Plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. Id. at 155-57. Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Here, Plaintiff's motion fails to set forth sufficient circumstances to warrant appointment of counsel. Assuming, solely for the purpose of deciding this motion, that Plaintiff's complaint has arguable merit, Plaintiff has not demonstrated that he is incapable of presenting comprehensible arguments. Plaintiff has set forth his complaint in typewritten, understandable paragraphs, and he has set forth the general history and background of this action. Plaintiff's ability to investigate does not appear to be beyond his capabilities, the legal issues are relatively uncomplicated, and the Court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own. Furthermore, this court's liberal construction of pro se pleadings mitigates against the appointment of counsel. Haines v. Kerner, 404 U.S. 519 (1972) . Ultimately, this Court does not see circumstances which would warrant appointment of counsel to Plaintiff.

Therefore, Plaintiff's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the Plaintiff.

**AND NOW, THEREFORE, THIS 30th DAY OF AUGUST, 2005, IT IS HEREBY ORDERED THAT** Plaintiff's correspondence to the Clerk of Court dated August 18, 2005 (Doc. 8) is construed as a motion for appointment of counsel, and the motion is **DENIED**.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the Plaintiff.

       S/ Yvette Kane
       YVETTE KANE
       United States District Judge