IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM P. JACKSON, | : | CIVIL NO. 1:CV-05-1680 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, et al., | : | |
| Defendants | | |

**M E M O R A N D U M**

**I.   Background**

William P. Jackson, an inmate at the State Correctional Institution at Coal Township (SCI-Coal Township), Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on August 17, 2005. Named as Defendants are the Pennsylvania Department of Corrections and the following SCI-Coal Township employees: Joe Geragi and Brian Davis, physicians assistants; Joseph Piazza, Superintendent; Correctional Officers Clark and Sipe; and Gene Mull, Drug and Alcohol Supervisor. In the complaint Plaintiff claims that despite his medical condition, Defendants failed to provide him with his approved lower bunk status and forced him to work in a prison job regardless of his alleged "no work/no heavy lifting" medical restriction. He seeks monetary damages as relief. An Order was issued on August 19, 2005, directing service of the complaint. On September 20, 2005, Defendants Geragi and Davis filed a motion to dismiss the complaint. (Doc. 11.) This motion is fully briefed. On October 13, 2005, the remaining Defendants filed a motion to dismiss the complaint (Doc. 17) which is not yet ripe. For the reasons that follow, the motion to dismiss filed by Defendants Geragi and Davis will be granted.

1

**II.     Discussion**

    **A.     Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted ..." A motion to dismiss should not be granted if "under any reasonable reading of the pleadings, the plaintiff [ ] may be entitled to relief . . . ." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). In making that decision, the court must accept as true all well-pleaded allegations in the complaint, Maio v. Aetna, Inc., 221 F.3d 472, 481-82 (3d Cir. 2000), and construe any reasonable inferences to be drawn from them in the plaintiff's favor. See United States v. Occidental Chemical Corp., 200 F.3d 143, 147 (3d Cir. 1999). Consequently, the court need not accept "bald assertions" or "legal conclusions." Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). Likewise, the court need not "conjure up unpled allegations or contrive elaborately arcane scripts" in order to breathe life into an otherwise defective complaint. Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002); Estelle v. Gamble, 429 U.S. 97, 107-08 (1976).

**B.     Analysis**

The motion to dismiss filed by Defendants Geragi and Davis is before the Court for consideration in light of the foregoing principles. In the complaint, Plaintiff alleges that on September 13, 2004, while being transported to SCI-Coal Township by the Allegheny County Sheriff Department, the vehicle he was riding in was involved in an accident. Plaintiff sustained a bruised forehead and whiplash. On September 18, 2004, he met with Defendant Geragi, a

physician's assistant at SCI-Coal Township, and requested lower bunk status due to his injuries. Geragi was agreeable to this request. On September 21, 2004, Plaintiff complained to Defendant Davis, also a physician's assistant at SCI-Coal Township, that he had not yet received a lower bunk. Davis agreed with Plaintiff that lower bunk status was in order pending the outcome of x-rays performed on September 16, 2004, to prevent any aggravation of his injuries.

On September 26, 2004, Plaintiff had still not been reassigned to a lower bunk. On this date he fell from his upper bunk injuring his knee, elbow and side, as well as aggravating his pre-existing injuries. He met with Davis the following day to show him his new injuries. Davis stated that Geragi had informed him he had taken care of the lower bunk status placement for Plaintiff, and therefore Davis had not pursued the matter further. Davis also informed Plaintiff that he would handle the paperwork immediately to have him moved to a lower bunk, and that his x-rays did reveal positive results for muscle spasms of the neck and back.

On September 29, 2004, Plaintiff again met with Davis and informed him that he still had not been moved. Davis informed Plaintiff that he had issued the paperwork for the move two (2) days earlier. At this point Davis went to the Restricted Housing Unit Lieutenant on duty and had Plaintiff moved to a lower bunk.

Based upon the foregoing, Plaintiff appears to allege that Defendants Geragi and Davis violated his Eighth Amendment right to adequate medical care. In Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999), the Court of Appeals for the Third Circuit set forth the standard necessary to establish a claim for deliberate indifference to a prisoner's medical needs. The Court stated:

> The Eighth Amendment prohibits the imposition of unnecessary and wanton infliction of pain contrary to contemporary standards of decency. In Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual punishment

>requires prison officials to provide basic medical treatment to those whom it has incarcerated. The Court articulated the standard to be used: In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. Id. at 106, 97 S.Ct. 285. Therefore, to succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious.... It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute "deliberate indifference." As the Estelle Court noted: "[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind,'" Id. at 105, 97 S.Ct. 285... Deliberate indifference, therefore, requires obduracy and wantonness . . . which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk.. . . .

Id. at 197 (Some internal citations and quotations omitted).

In the instant case, even assuming Plaintiff's medical needs were serious, is clear that he fails to state a claim of deliberate indifference with regard to Defendants Geragi and Davis. The allegations in the complaint reveal the both Defendants agreed with Plaintiff that lower bunk status was warranted. Upon Plaintiff's complaint of subsequently not receiving a lower bunk, Defendant Davis followed up on the bunk assignment and ultimately got Plaintiff moved to the lower bunk. Defendant Geragi had previously agreed to a lower bunk assignment for Plaintiff and stated that the designation was taken care of. The fact that Plaintiff did not initially receive a lower bunk and the matter had to be resolved does not in any way demonstrate deliberate indifference on the part of Geragi. At best, under the facts alleged by Plaintiff, the failure to follow-up on the bunk assignment demonstrates negligence. It is well-established that negligence in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Accordingly, because Plaintiff has failed to present a viable claim of deliberate indifference to serious medical needs against Defendants Geragi and

Davis, their motion to dismiss will be granted.  An appropriate Order follows.

**III.    Order**

**AND NOW, THEREFORE, THIS 13th DAY OF JULY, 2006,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** motion to dismiss filed by Defendants Geragi and Davis (Doc. 11) is **granted**.

                                                S/ Yvette Kane
                                                YVETTE KANE
                                                United States District Judge