IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM P. JACKSON, | : | CIVIL NO. 1:CV-05-1680 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, et al., | : | |
| Defendants | | |

## **M E M O R A N D U M**

**I.   Background**

Plaintiff William P. Jackson, an inmate currently confined at the State Correctional Institution at Laurel Highlands, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 17, 2005.  The only remaining Defendants are Correctional Officers Clark and Sipe, both employees at the State Correctional Institution at Coal Township, Plaintiff's former place of confinement.  Plaintiff alleges that despite the issuance of medical restrictions by the prison medical department, Defendants assigned him the block job of cell cleaning.  Plaintiff claims that although he informed Defendants of the restrictions of no work/heavy lifting, he was required to lift and carry heavy buckets of water up and down stairs.  A motion to dismiss these claims filed by Sipe and Clark was denied by the court on August 22, 2006.[1]  (Doc. 42.)

Since the denial of Defendants' motion to dismiss, they have filed an answer to the complaint and a motion to conduct the deposition of Plaintiff.  This motion was granted on September 26,

---

[1] This motion to dismiss was filed on behalf of the Corrections Defendants.  It was granted in part and denied in part.  It was granted to the extent that all claims against the Department, and two other defendants were dismissed.  The motion was denied with respect to Defendants Sipe and Clark.

2006, and the parties were directed to complete discovery within sixty (60) days and file any dispositive motions within thirty (30) days from the close of discovery. (Doc. 48.) Presently pending are Plaintiff's third and fourth motions for the appointment of counsel which have since been filed by Plaintiff. (Docs. 51, 53.) For the reasons that follow, the motions will be denied without prejudice.

**II.      Discussion**

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Plaintiff alleges a violation of his Eighth Amendment right. Plaintiff was successful in opposing the motion to dismiss filed by the two Defendants remaining in this action, and the record gives every indication that Plaintiff has the capability to continue litigating this action without the assistance of counsel. The only argument set

2

forth by Plaintiff in his pending motions is that he needs counsel because Defendants have scheduled his deposition. At this point, the deposition has most likely taken place since the discovery period is now closed, and no enlargements of time within which to conduct discovery were filed. Even if it has not, there is no indication that Plaintiff would be prejudiced in attending his deposition, and responding to defense counsel's questions without the assistance of counsel. Further, a weighing of the other pertinent factors militate against appointment of counsel at this time. Those factors are:

>   1. The plaintiff's ability to present his or her own case;
>
>   2. The difficulty of the particular legal issues;
>
>   3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;
>
>   4. The plaintiff's capacity to retain counsel on his or her own behalf;
>
>   5. The extent to which a case is likely to turn on credibility determinations; and,
>
>   6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

The issues involved in this action are straightforward, involving the application of established legal principles to the factual situation at hand. Plaintiff has thus far demonstrated the ability to successfully litigate this case on his own, including his ability to prepare and file motions in this case which are understandable, as well as oppose motions filed by Defendants. As such, the pending motions for appointment of counsel will be denied at this time, but without prejudice. Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either sua sponte or upon a motion properly filed.

**III.   Order**

**AND NOW, THEREFORE, THIS 7th DAY OF DECEMBER, 2006,** in accordance with

3

the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** the motions for appointment of counsel (Docs. 51, 53) are **denied without prejudice**.

                                      s/ Yvette Kane
                                      YVETTE KANE, Chief Judge
                                      Middle District of Pennsylvania